1
2
3
4            UNITED STATES DISTRICT COURT
5              DISTRICT OF NEVADA
6   _____
7                                    )
                                     )
    RON VAN METER et al.,            )
8                                    )
           Plaintiffs,               )          3:12-cv-00282-RCJ-WGC
9                                    )
        vs.                          )
10                                   )          **ORDER**
    CITY OF WELLS et al.,            )
11                                   )
           Defendants                )
12  _____)

13          This case arises out of sewage backup up into a residence.  Before the Court is a Motion

14  to Dismiss (ECF No. 9).  For the following reasons, the Court grants the motion in part and

15  denies it in part.

16  **I.      FACTS AND PROCEDURAL HISTORY**

17          Plaintiffs Ron and Jody Van Meter have owned and resided at a house located at 356

18  Castle Street in Wells, Nevada since 1989. (Compl. 4, ECF No. 1).  On October 19, 2011,

19  Defendant City of Wells's (the "City") sewer line "failed to function as intended," and raw

20  sewage "invaded" Plaintiffs' basement (the "first incident"). (*Id.* at 4–5).  Plaintiffs contacted

21  Trail 40 Corp., a plumbing company, to inquire into the reason for the sewage. (*Id.* at 5).  Trail

22  40 Corp. advised that "a defective City of Wells sewer line caused the sewage to backup into

23  Plaintiffs' basement." (*Id.* (emphasis omitted)).  On October 24, 2011, Plaintiffs contacted

24

Defendant Jolene M. Supp, the City Manager, and requested that the City clean up the mess and compensate Plaintiffs for the damage to their residence and personal belongings. (*Id.*).  Supp declined both requests, so Plaintiffs cleaned up the raw sewage in their basement. (*Id.*).  Defendants also did not take action to fix the defective sewer. (*Id.*).

On November 3, 2011, more raw sewage "physically invaded" Plaintiffs' basement from the same defective sewage line (the "second incident"). (*Id.* at 6).  Plaintiffs contacted Supp and she again declined to compensate Plaintiffs and clean up the sewage. (*Id.*).  The City still has not corrected the problem with the sewer. (*Id.*).  As a result of the incident, and because the ventilation lines for the house are drawn from the basement, Plaintiffs' entire house smells like sewage. (*Id.*).  Plaintiffs are deterred from cleaning up the sewage themselves because they are worried the sewer will just leak again. (*Id.* at 7).[1]  They also allege that the sewer is a public improvement, and "[t]he disposing, transporting, and treating of raw sewage" concerns the whole community. (*Id.*).  They allege that Plaintiffs have contributed more than their share to the public undertaking, and the City should compensate Plaintiffs for their trouble. (*Id.*).

Plaintiffs sued the City and Supp on nine nominal causes of action: (1) declaratory relief under 28 U.S.C. §§ 2201 and 2202; (2) civil constitutional claims under 42 U.S.C. § 1983; (3) inverse condemnation under Article I § 8(6) of the Nevada Constitution (against the City); (4) negligence; (5) intentional infliction of emotional distress; (6) trespass; (7) breach of implied contract (against the City); (8) private nuisance (against the City); and (9) respondeat superior (against the City). (*See id.* at 9–14).  Defendants have moved to dismiss.

///

///

_____

[1] It is unclear whether Plaintiffs have cleaned up their basement from the second backlog or not.

1    **II.    LEGAL STANDARDS**

2          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

4    what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

5    (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

6    that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

7    12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

8    F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

9    failure to state a claim, dismissal is appropriate only when the complaint does not give the

10   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

11   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

12   sufficient to state a claim, the court will take all material allegations as true and construe them in

13   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

14   Cir. 1986). The court, however, is not required to accept as true allegations that are merely

15   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

16   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

17   with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

18   case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

19   (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

20   pleads factual content that allows the court to draw the reasonable inference that the defendant is

21   liable for the misconduct alleged."). In other words, under the modern interpretation of Rule

22   8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a

23   defendant liable; he also must identify the theory of his own case so that the court can properly

24   determine not only whether any such legal theory exists (*Conley* review), but also whether the

plaintiff has any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

### A.   Declaratory Judgment and Respondeat Superior

Plaintiffs' first claim is for declaratory relief. Declaratory relief is technically a prayer for relief, not an independent cause of action. *See Huggins v. Quality Loan Servicing, LP*, No. 2:10-cv-1232-LDG-PAL, 2011 WL 310490, at *7 (D. Nev. Jan. 27, 2011) (citing *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-cv-1443-JCM-PAL, 2010 WL 4386958, at *5 (D. Nev.

1  Oct. 29, 2010)).  Therefore, Plaintiffs' first claim will be dismissed as an independent claim,

2  without leave to amend. *See id.*[2]

3         Plaintiffs' ninth claim is for respondeat superior. (Compl. 14).  Respondeat superior is "a

4  theory of holding an employer vicariously liable for the torts of its employee," not an

5  independent cause of action. *Fernandez v. Penske Truck Leasing Co., L.P.*, No. 2:12-cv-295-

6  JCM-GWF, 2012 WL 1832571, at *1 n.1 (D. Nev. May 18, 2012).  Therefore, the ninth claim

7  will be dismissed as an independent claim, without leave to amend. *See id.*[3]

8         **B.     42 U.S.C. § 1983**

9         Plaintiffs' second claim is a 42 U.S.C. § 1983 claim against Defendants for taking their

10 real property without just compensation, in violation of the Fifth and Fourteenth Amendments to

11 the Constitution. (Compl. 10–11).  "Local governing bodies . . . can be sued directly under

12 § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be

13 unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

14 officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of*

15 *City of N.Y.*, 436 U.S. 658, 690 (1978).  However, municipalities are not liable for an employee's

16 tort unless the employee took her action pursuant to official municipal policy. *See id.* at 691.  A

17 municipality may be liable for its policy of inaction if that inaction amounts to a failure to protect

18 constitutional rights, but only if the policy of inaction is more than mere negligence. *See Daniels*

19 *v. Williams*, 474 U.S. 327, 336 (1986) (holding that negligence is not enough to evoke a

20 constitutional claim under § 1983); *see also Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.

21 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (holding that a municipality's

22 _____

23 [2] Plaintiffs properly ask for declaratory relief in the "Prayer for Relief" section of the Complaint.
   (Compl. 14).

24 [3] Plaintiffs properly allege respondeat superior liability in the other causes of action. (Compl. 6).

policy of inaction may be actionable under § 1983 if that policy fails to protect its citizens constitutional rights)).  The policy must be the result of a conscious or "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Lee v. City of L.A.*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)).

Plaintiffs claim that Defendants violated the Takings Clause of the Fifth Amendment, applied to the States by the Fourteenth Amendment. (Compl. 10).  Defendants contend that Plaintiffs' only claim that there was a diminution of their property, which is insufficient to constitute a taking under the Fifth and Fourteenth Amendments. (Mot. to Dismiss 6).  However, Plaintiffs allege that they lost "the use of a large portion of their residence" in addition to the diminution of value. (Compl. 3).  To establish a taking, Plaintiffs will have to show substantial damage to their property or an interference with their use of their property of such magnitude that it amounts to an easement. *United States v. Causby*, 328 U.S. 256, 267 (1946).  If Plaintiffs can only show that their basements are flooded with a couple inches of sewage water for a few hours, it is likely no taking will be found.  Such an "invasion" would amount only to a trespass, not a taking.  There remains a genuine issue of material fact whether the invasion constitutes a taking.  Plaintiffs have alleged enough facts to make their claim plausible. *See, e.g.*, *Dutton v. City of Crest Hill*, 547 F. Supp. 38, 41–42 (N.D. Ill. 1982) (ruling that it was a question of fact whether the flooding of plaintiffs' basements with water or sewage constituted a taking versus a trespass under the circumstances).  Therefore, the Court will not dismiss Plaintiffs' § 1983 claim at this stage.

///

C.      **The State Law Claims**

Defendants group all the state law claims together and argue that Defendants are immune from them pursuant to Nevada Revised Statutes ("NRS") § 41.033.  In the alternative, they argue that Plaintiffs do not meet the 12(b)(6) pleading standard because they do not "specify (1) what obstructions, malfunctionings or deficiencies existed in the sewer lines; (2) what obstructions, malfunctionings or deficiencies the Defendants had actual knowledge of; or (3) in what manner the Defendants neglected proper sewer maintenance." (Mot. Dismiss 8).  Defendants do not argue against the state law claims separately on the merits.  A person may not sue a municipality, or its employees, for:

> (a) [f]ailure to inspect any building, structure, vehicle, street, public highway or other public work, facility or improvement to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect; or
>
> (b) [f]ailure to discover such a hazard, deficiency or other matter, whether or not an inspection is made.

Nev. Rev. Stat. § 41.033(1)(a)–(b).  Defendants correctly argue that municipalities in Nevada are immune from suit for a failure to inspect sewer systems in order to discover obstructions or other deficiencies. *See Fischmann v. City of Henderson*, 556 P.2d 923, 924 (Nev. 1976) (holding that the City of Henderson was immune from suit for failing to inspect sewage lines after raw sewage leaked in to the plaintiff's house one time); *Schroeder v. Ely City Mun. Water Dep't*, 910 P.2d 260, 261–62 (Nev. 1996) (holding that the City of Ely was immune from suit for failing to maintain a sewer when sewage leaked into the plaintiffs' businesses one time).  However, in *Fischmann* and *Schroeder*, the plaintiffs sued after only a single incident of flooding. *See Fischmann*, 556 P.2d at 923; *Schroeder*, 910 P.2d at 261.  Here, Plaintiffs allege that Defendants did not fix the problem after the first flooding, thereby causing the second incident. (Compl. 6).  Therefore, the allegation is not simply that Defendants failed to inspect the sewer.  Instead,

1    Plaintiffs allege that Defendants failed to repair the sewer after it leaked the first time and was

2    known to be faulty without further inspection.  To the extent Plaintiffs argue damages from the

3    first incident based on a failure to inspect, Plaintiffs cannot state a claim upon which relief can be

4    granted.  However, to the extent that Plaintiffs argue Defendants failed to fix the problem after

5    being alerted to it and clean up the mess after the second incident, the state law claims are viable.

6         Defendants also argue that Plaintiffs do not allege enough facts to state a claim upon

7    which relief can be granted.  First, Defendants ask "what obstructions, malfunctionings or

8    deficiencies existed in the sewer lines."  Plaintiffs need not plead such details to make out a

9    prima facie case.  The allegations that Plaintiffs contacted a plumbing company, Trail 40 Corp.,

10   and that the plumbing company informed them that the City of Wells sewer line was defective, is

11   enough to satisfy Rule 8(a).  None of Plaintiffs' claims relies on the sewage pipe being deficient

12   in any particular way.  What caused the alleged deficiency is a matter for discovery, but

13   Plaintiff's factual claims are based on quite a bit more than mere speculation. *See Twombly*, 550

14   U.S. at 555 (noting that factual allegations "must be enough to raise a right to relief above the

15   speculative level.").

16        Second, Defendants ask how they neglected proper sewer maintenance.  Plaintiffs need

17   not allege a particular maintenance failure to plausibly allege a tort in this circumstance.  The

18   sewer lines are under the exclusive control of the City, they do not ordinarily fail without some

19   negligence, and the City is in a better position to explain the cause of the backup.

20             A *res ipsa* inference of negligence is permitted when one entity is shown
          to be in exclusive control of the instrumentality causing harm, where the accident
21        is one that does not ordinarily occur in the absence of negligence, and where the
          defendant is in a better position to explain the cause of the accident.  Proof of
22        exclusive control, the first element listed above, substitutes for proof of the
          specific act constituting the breach when the latter two elements are also satisfied.

23

24

*Otis Elevator Co. v. Reid*, 706 P.3d 1378, 1380 (Nev. 1985) (citing *Hospital Ass'n v. Gaffney*, 180 P.2d 594 (Nev. 1947); *Hampton v. United States*, 121 F. Supp. 303, 305 (D. Nev. 1954)).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is GRANTED in part and DENIED in part. The first and ninth claims, and the second through eighth claims insofar as they arise out of Defendants' failure to inspect the sewage pipes before the first incident, are dismissed without leave to amend. The second through eighth claims are not dismissed insofar as they arise out of Defendants' failure to clean up the sewage, compensate Plaintiffs, and repair the sewage pipe after the first incident.

IT IS SO ORDERED.

DATED: This 9th day of October, 2012.

_____
ROBERT C. JONES
United States District Judge